UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARRON THOMAS SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>SHASTA COUNTY DISTRICT ATTORNEY, et al.,<br><br>Defendants. | No. 2:21-cv-0242 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint alleges that two Shasta County judges, plaintiff's appointed attorney, and the Shasta County District Attorney violated his constitutional rights. Specifically, plaintiff alleges that he was tricked by the defendants into pleading no contest based on the representation that his charges would be reduced to a misdemeanor, but that "the Judge" refused to reduce the charges because of plaintiff's prior record. ECF No. 1 at 3-4, 6. He further asserts that his appointed attorney failed to object to the failure to reduce his charges or to file petitions or motions to argue that the charges should be reduced to a misdemeanor. Id. at 5-6. Plaintiff seeks immediate release from custody and the reduction of his felony to a misdemeanor. Id. at 7.

### IV. Failure to State a Claim

#### A. Defense Counsel

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). In determining whether a public defender was performing a lawyer's traditional functions, the court looks at whether counsel was "acting under the ethical

3

standards of a lawyer-client relationship" and whether they would be held to the same duties and obligations if privately retained. Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003).

In this case, plaintiff identifies defendant Norton both as a public defender and as conflict counsel. ECF No. 1 at 1-2, 4-5. Regardless of Norton's status as a public defender or conflict counsel, the claims against him are that he was deficient in carrying out his duties as appointed counsel. Because plaintiff's allegations are about Norton's actions in representing plaintiff in a criminal case, Norton was not acting under color of state law. This means that plaintiff cannot bring a claim against defendant Norton under § 1983. Furthermore, any potential claims for legal malpractice do not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). For these reasons, the claims against defendant Norton should be dismissed without leave to amend.

B.  District Attorney

Prosecutors are absolutely immune from liability when performing the traditional functions of an advocate and acts that are "intimately associated with the judicial phase of the criminal process." Kalina v. Fletcher, 522 U.S. 118, 125 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted). Since plaintiff's claims are based on the Shasta County District Attorney's conduct in prosecuting plaintiff in his criminal proceedings, these claims also fail and must be dismissed.

C.  Superior Court Judges

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547, 553-55 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)). A judge's jurisdiction is quite broad and its scope is determined by the two-part test articulated in Stump:

////

> The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to [1] the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and [2] to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Id. at 362.

Although it does not currently appear that plaintiff is seeking damages against defendants Flynn and Ryan, to the extent he may be attempting to do so, they are immune. While plaintiff does not specify which judge refused to reduce his charges, the alleged action falls squarely within the scope of functions "normally performed by a judge" and was done while acting in the capacity of a superior court judge. Defendants Flynn and Ryan are therefore absolutely immune from liability under § 1983, and the claims against them must be dismissed without leave to amend.

To the extent plaintiff appears to be seeking an order from the court directing defendants Flynn and Ryan to issue specific orders, "[t]he federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." Clark v. State of Washington, 366 F.2d 678, 681 (1966) (citations omitted); Demos v. U.S. Dist. Court for the E. Dist. Wash., 925 F.2d 1160, 1161 (9th Cir. 1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state court." (citing 28 U.S.C. § 1651)). Actions which seek "to obtain a writ in this court to compel a state court to take or refrain from some action . . . are frivolous as a matter of law." Demos, 925 F.2d at 1161-62. Because there is no relief plaintiff can seek against these defendants, the claims against them must be dismissed.

D. Scope of Section 1983

State prisoners may not attack the validity of the fact of their confinement in a section 1983 action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) ("habeas corpus is the exclusive remedy to attack the legality of the conviction or sentence"). Accordingly, because plaintiff is plainly attacking his conviction and sentence, the complaint must be dismissed. To the extent plaintiff indicates that he is also attempting to bring his claims under 28

U.S.C. § 2254, he cannot pursue both civil rights and habeas claims in the same action. Furthermore, the court declines to offer plaintiff the option to convert his complaint to a habeas petition because it appears his claims have not been exhausted. See 28 U.S.C. § 2254(b)(1) (a petition for writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process" or circumstances render the process ineffective). The California Supreme Court's case information website shows no cases filed by plaintiff, and this court takes judicial notice of this information.[1]  See Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) (the exhaustion requirement is met by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court).

    V.    <u>No Leave to Amend</u>

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that amendment would be futile. The complaint should therefore be dismissed without leave to amend.

    VI.    <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

---

[1] See http://appellatecases.courtinfo.ca.gov/search. This court may take judicial notice of its own records and the records of other courts. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201.

It is being recommended that your complaint be dismissed without leave to amend because you cannot bring claims against under § 1983 against defense counsel, prosecutors, or judges. You also cannot challenge your sentence or conviction in a § 1983 case. You are not being given the option to change your complaint into a habeas petition because it does not look like you have presented these claims to the California Supreme Court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 19, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE